No. 13-16285
No. 13-17238

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

**MANUEL DE JESUS ORTEGA MELENDRES, ET AL.**,

*Plaintiffs-Appellees*

**v.**

**JOSEPH M. ARPAIO, ET AL.**,

*Defendant-Appellants*

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## 2:07-cv-02513-GMS
## The Honorable G. Murray Snow
## United States District Judge

---

## PLAINTIFFS-APPELLEES' APPLICATION FOR ATTORNEYS' FEES
## AND NON-TAXABLE EXPENSES ON APPEAL

---

**Stanley Young**
**Hyun S. Byun**
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
syoung@cov.com
hbyun@cov.com

**Tammy Albarran**
**Rebecca A. Jacobs**
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566
talbarran@cov.com
rjacobs@cov.com
(*counsel continued on next page*)

*Attorneys for Plaintiffs-Appellees*
**MANUEL DE JESUS ORTEGA MELENDRES, ET AL.,**

**Dan Pochoda**
**James Lyall**
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
dpochoda@acluaz.org
jlyall@acluaz.org

**Cecillia D. Wang**
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
cwang@aclu.org

**Andre Segura**
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654
asegura@aclu.org

**Anne Lai**
401 E. Peltason Dr.
Law 4800-P
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066
alai@law.uci.edu

**Priscilla G. Dodson**
Covington & Burling LLP
One City Center
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pdodson@cov.com

**Jorge Martin Castillo**
Mexican American Legal and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
jcastillo@maldef.org

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................... 1

BACKGROUND ................................................................................ 1

ARGUMENT ..................................................................................... 3

    A.    Plaintiffs Are Entitled to an Award of Attorneys' Fees and
    Non-Taxable Expenses Pursuant to Section 1988 .............................. 3

    B.    Plaintiffs' Requested Award is Reasonable ........................................ 5

        a.    The Hours Requested by Plaintiffs' Counsel Are
        Reasonable .................................................................................. 5

        b.    The Hourly Rates Sought by Plaintiffs' Counsel Are
        Reasonable .................................................................................. 7

    C.    The Factors Bearing on Reasonableness Favor Plaintiffs' Full
    Recovery of Their Requested Award ................................................. 11

    D.    The Amount of Non-Taxable Expenses Sought by Plaintiffs'
    Counsel is Reasonable ...................................................................... 14

CONCLUSION .................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Director, OWCP,*
    91 F.3d 1322 (9th Cir. 1996) ...................................................................3

*Bernardi v. Yeutter,*
    951 F.2d 971 (9th Cir. 1991) ...................................................................3

*C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.,*
    08-cv-1047, 2012 WL 161806 (C.D. Cal. Jan 18, 2012) ......................6

*Camacho v. Bridgeport Financial, Inc.,*
    523 F.3d 973 (9th Cir. 2008) ...................................................................8

*City of Riverside v. Rivera,*
    477 U.S. 561 (1986)...............................................................................13

*Dang v. Cross,*
    422 F.3d 800 (9th Cir. 2005) .................................................................14

*Donnell v. United States,*
    682 F.2d 240 (D.C. Cir. 1982), *cert. denied,* 459 U.S. 1204 (1983)....4

*Gates v. Deukmejian,*
    987 F.2d 1392 (9th Cir. 1992) .................................................................8

*Gates v. Rowland,*
    39 F.3d 1439 (9th Cir. 1994) ...................................................................3

*Gonzalez v. City of Maywood,*
    729 F.3d 1196 (9th Cir. 2013) ....................................................3, 7, 11

*Guam Soc'y of Obstetricians & Gynecologists v. Ada,*
    100 F.3d 691 (9th Cir. 1996) ...................................................................8

*Harris v. Marhoefer,*
    24 F.3d 16 (9th Cir. 1994) .....................................................................14

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)..........................................................................................4, 7

*Kerr v. Screen Guild Extras, Inc.*,
526 F.2d 67 (9th Cir. 1975) ...............................................................................11

*Maher v. Gagne*,
448 U.S. 122 (1980)..............................................................................................1

*Maine v. Thiboutot*,
448 U.S. 1 (1980)..................................................................................................1

*McGrath v. Co. of Nevada*,
67 F.3d 248 (9th Cir. 1995) ..................................................................................5

*Missouri v. Jenkins*,
491 U.S. 274 (1989)............................................................................................14

*Morales v. City of San Raphael*,
96 F.3d 359 (9th Cir. 1996) ..................................................................................5

*Nadeau v. Helgemoe*,
581 F.2d 275 (1st Cir. 1978)..................................................................................4

*Oviatt v. Pearce*,
954 F.2d 1470 (9th Cir. 1992) ..............................................................................5

*Perdue v. Kenny A. ex rel. Winn*,
559 U.S. 542 (2010)...............................................................................................7

*Venegas v. Mitchell*,
495 U.S. 82 (1990)..................................................................................................4

*York v. Alabama State Bd. of Educ.*,
631 F. Supp. 78 (M.D. Al. 1986).........................................................................12

## INTRODUCTION

Plaintiffs respectfully request an award of attorneys' fees and related non-taxable expenses incurred during this appeal, pursuant to Circuit Rule 39-1.6 and 42 U.S.C. §1988, in the amount of $546,108.84. This total request is broken down as follows: $4,927.50 for the ACLU Foundation of Arizona ("ACLU-AZ"); $47,268.09 for the ACLU Foundation Immigrants' Rights Project ("ACLU-IRP"); $8,595.00 for Anne Lai; $480,130.75 for Covington & Burling LLP ("Covington"); and $5,187.50 for the Mexican American Legal Defense and Educational Fund ("MALDEF").

Plaintiffs' request is fully consistent with 42 U.S.C. §1988's purpose that fee awards be "an integral part of the remedies necessary to obtain compliance with §1983." *Maine v. Thiboutot*, 448 U.S. 1, 11 n.12 (1980) (quotation marks omitted); *see also Maher v. Gagne*, 448 U.S. 122, 127 n.9 (1980) ("a fee award furthers the Congressional goal of encouraging suits to vindicate constitutional rights") (quotation marks omitted). Plaintiffs prevailed on almost all issues on appeal and are therefore entitled to recover attorneys' fees and related non-taxable expenses.

## BACKGROUND

This is a civil rights case in which Plaintiffs sought declaratory and injunctive relief from Defendants' persistent and pervasive Fourth Amendment and

Equal Protection violations. Following nearly six years of litigation and a seven-day bench trial, the district court found, among other things, that Defendants had implemented policies and practices that targeted Latinos for and during traffic stops on the basis of race, and detained Latinos solely based on suspected violations of federal civil immigration laws. The district court issued preliminary and permanent injunctions to remedy Defendants' unconstitutional policies and practices. Defendants subsequently brought the present appeal, presenting two main arguments: 1) that the district court erred in finding constitutional violations in Defendants' *non-saturation* patrol activities[1] and, 2) that several provisions of the district court's injunction were overly broad.[2]

Following comprehensive briefing and oral argument, this Court affirmed the district court's finding that Defendants' unconstitutional policies extended beyond the saturation patrol context. This Court also affirmed all the challenged provisions of the remedial injunction, with one exception—the appointed Monitor's consideration of internal investigations and reports of officer misconduct for "any violations of departmental policy" was not found to be narrowly tailored

---

[1] Defendants unsuccessfully contended that the evidence only supported the district court's findings of constitutional violations during saturation patrols, but not during *non-saturation* patrol activities. *See Ortega Melendres, et al. v. Arpaio, et al.*, 784 F.3d 1254, 1260-61 (9th Cir. 2015).

[2] Defendants also contended that the Maricopa County Sheriff's Office ("MCSO") should be dismissed as a non-jural entity under Arizona state law. This Court found that MCSO is a non-jural entity under recent Arizona state case authority, and ordered the substitution of Maricopa County for MCSO.

to address only Defendants' constitutional violations.  This Court remanded that

limited issue to the district court so it could tailor that particular provision so as to

address only Defendants' constitutional violations.  Defendants subsequently filed

a Petition for Rehearing, which Plaintiffs opposed and was unanimously denied.

## ARGUMENT

### A.  Plaintiffs Are Entitled to an Award of Attorneys' Fees and Non-Taxable Expenses Pursuant to Section 1988

Pursuant to 42 U.S.C. § 1988(b), Plaintiffs are entitled to recover reasonable

attorneys' fees and non-taxable expenses.[3]  Specifically, Section 1988(b) provides

"[i]n any action or proceeding to enforce a provision of section [] . . . 1983 . . . of

this title . . [or] title VI of the Civil Rights Act of 1964 . . . the court, in its

discretion, may allow the prevailing party  .  .  . a reasonable attorney's fee as part

of the costs."  Congress created the fee-shifting provisions of the Civil Rights Act

to enable private citizens to bring litigation in circumstances such as this one--a

controversy that requires complex legal analysis and substantial investment of

attorney resources to litigate the claims.  "[T]he legislative history of . . . [Section]

---

[3] Plaintiffs are also entitled to an award of fees for preparing the instant fee Application. "[I]t's now well established that time spent in preparing fee applications under 42 U.S.C. § 1988 is compensable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)); *Gates v. Rowland*, 39 F.3d 1439, 1448-49 & 1451 (9th Cir. 1994) (affirming an award of attorneys' fees for preparing and litigating the fee application); *Bernardi v. Yeutter*, 951 F.2d 971, 977 (9th Cir. 1991).  Plaintiffs will seek leave to supplement this Application with declarations documenting additional fees based on time spent preparing and litigating this Application.

1988 emphasizes over and over again the critical goal of enabling private citizens to serve as 'private attorneys general' in bringing suits to vindicate the civil rights laws." *Donnell v. United States*, 682 F.2d 240, 246 (D.C. Cir. 1982), *cert. denied*, 459 U.S. 1204 (1983); *see also* S. Rep. No. 94-295, at 40 (1975), *reprinted in* 1975 U.S.C.C.A.N. 774, 807 ("Congress depends heavily upon private citizens to enforce the fundamental rights involved. Fee awards are a necessary means of enabling private citizens to vindicate these Federal rights.").

Plaintiffs easily meet the "prevailing party" standard under Section 1988(b). *See Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) ("Section 1988 makes the prevailing party eligible for a discretionary award of attorney's fees."). A "prevailing party" typically means "succeed[ing] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

Plaintiffs asserted constitutional claims pursuant to Section 1983, seeking declaratory and injunctive relief from Defendants' persistent and pervasive Fourth Amendment and Equal Protection violations. Following lengthy and complex litigation, Plaintiffs succeeded in their objective by securing a district court victory on essentially all claims, and preliminary and permanent injunctions to remedy future constitutional violations. On appeal, this Court affirmed the challenged

district court findings and affirmed all but one of the challenged provisions of the permanent injunction. Defendants' subsequent Petition for Rehearing was unanimously denied. This declaratory and injunctive relief, granted by the district court and now affirmed on appeal, is the *precise relief* that Plaintiffs sought in bringing suit.

### B.     Plaintiffs' Requested Award is Reasonable

As demonstrated below, Plaintiffs' request meets the reasonableness standard under Section 1988. Plaintiffs have calculated their fee request according to the lodestar method, *i.e.*, by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See, e.g.*, *McGrath v. Co. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (explaining method). This fee calculation method is *strongly presumed* to be reasonable. *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar figure is reasonable, and adjustments are to be adopted only in exceptional cases."); *Morales v. City of San Raphael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

### a.     The Hours Requested by Plaintiffs' Counsel Are Reasonable

Plaintiffs' requested hours reflect the actual time necessary to successfully defend their district court victory on appeal. Plaintiffs prepared comprehensive briefing on several complex legal issues, which required reviewing the substantial lower-court record for facts relevant to the appeal, researching the legal issues

raised by the appeal, drafting and editing a responsive brief, and preparing for and attending the hearing. Plaintiffs also prepared responsive briefing to Defendants' Petition for Rehearing.

Consistent with their general practice, each member of the litigation team for this case kept and maintained detailed daily records showing the time he or she worked on this appeal and a brief description of that work.[4] *See* Declaration of Daniel J. Pochoda at ¶ 6 ("Pochoda Declaration") & Ex. A; Declaration of Cecillia Wang at ¶ 27 ("Wang Declaration") & Exs. C, D; Declaration of Anne Lai at ¶ 8 ("Lai Declaration") & Ex. A; Declaration of Stanley Young at ¶ 25 ("Young Declaration") & Ex. F; Declaration of Jorge Castillo at ¶ 9 ("Castillo Declaration") & Ex. 1. Plaintiffs have carefully scrutinized the records and reduced the number of hours for each lawyer to exclude time entries that are redundant, excessive or otherwise unnecessary. *See* Pochoda Decl. at ¶ 9; Wang Decl. at ¶ 28; Lai Decl. at ¶ 9; Young Decl. at ¶ 25; Castillo Decl. at ¶ 11. While counsel have represented Plaintiffs throughout this litigation on a pro bono basis, the billing records submitted to the Court reflect the same exercise of billing judgment and discretion

---

[4] Plaintiffs have provided substantially the same information required by Circuit Court Form-9, as permitted by Circuit Court Rule 39-1.6(b). *See* Pochoda Declaration, Ex. A; Wang Declaration, Exs. C, D; Lai Declaration, Ex. A; Young Declaration, Ex. F; Castillo Declaration, Ex. 1; *see also C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist.*, 08-cv-1047, 2012 WL 161806, at 4 (C.D. Cal. Jan 18, 2012) ("Plaintiff also complied with the Ninth Circuit Rule requiring submission of From 9, or substantially similar information, by providing detailed billing records.").

accorded to typical billable matters.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client.") (internal quotations and citation omitted).

### b. The Hourly Rates Sought by Plaintiffs' Counsel Are Reasonable

Plaintiffs' request for fees reflects reasonable hourly rates customarily applied by counsel.  When a plaintiff has obtained "excellent results" in a Section 1988 case, as here, "his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (finding in a Section 1988 case "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she *had been representing a paying client who was billed by the hour in a comparable case.*") (second emphasis added).  Here, it is clear that Plaintiffs have obtained an excellent result--affirmance of substantial declaratory and injunctive relief from Defendants' Fourth Amendment and Equal Protection violations.

Plaintiffs reasonably request the prevailing market rates for the geographical area in which each attorney is based--the San Francisco Bay Area, southern California, and New York City, as well as the Phoenix area in which this case originated.  While the use of the local forum market rates is a common approach to setting hourly rates, a court may award rates from a counsel's home practice area

where "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). In fact, courts frequently apply outside forum rates for complex civil rights cases such as this one where outside counsel may be needed. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (no abuse of discretion in awarding fees at San Francisco, rather than Sacramento, rates given "substantial evidence demonstrating that the issues in prisoner civil rights cases are extremely complex and thus require experienced and sophisticated counsel"); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 702 (9th Cir. 1996) (upholding New York hourly rates for non-profit attorneys litigating a civil rights case in Guam).

Rates from outside Phoenix are reasonable because it was necessary to retain out-of-town counsel to litigate this case. As both Mr. Pochoda and Ms. Wang describe, this case was highly complex and resource-intensive, and Phoenix law firms were unavailable to provide the necessary expertise and resources. *See* Pochoda Decl. at ¶¶ 21-25; Wang Decl. at ¶¶ 32-34. Local non-profit organization ACLU-AZ, while possessing invaluable experience and expertise in civil rights litigation, did not have the necessary staffing and financial resources to prosecute a case of this magnitude. The ACLU-IRP and MALDEF contributed

extensive expertise in civil rights litigation involving immigrants' rights. For example, ACLU-IRP attorneys have collectively litigated dozens of civil rights cases and have unique experience in the field of civil rights, criminal and immigration law, and they are recognized experts in those fields. *See* Wang Decl. at ¶¶ 7-20, 32. However, due to the limited resources of these non-profit organizations, it was necessary to have a large law firm assume the lead role. *See* Pochoda Decl. at ¶ 21; Wang Decl. at ¶ 35.

Steptoe & Johnson LLP (Phoenix, AZ) originally served as counsel in this case alongside ACLU-AZ, ACLU-IRP, and MALDEF, but had to withdraw from the case in 2010. *See* Pochoda Decl. at ¶ 21; Wang Decl. at ¶ 33. The ACLU-AZ and ACLU-IRP spent substantial time attempting to find a firm of sufficient size and resources that would be willing to take on this role pro bono. *See* Pochoda Decl. at ¶¶ 21-25; Wang Decl. at ¶¶ 33-34. Attempts to find local counsel were unsuccessful for a variety of reasons, including conflicts, the expected resource commitment, and sensitivity to the fact that the defendants are the elected sheriff and county agencies. *See* Pochoda Decl. at ¶¶ 21-25. After great effort, the non-profit organizations ultimately found a willing lead counsel in Covington, which has extensive experience in class action matters and complex trial practice. *See* Pochoda Decl. at ¶¶ 24-25; Wang Decl. at ¶¶ 34-35; *see also* Young Decl. at ¶¶

8-10.  Covington does not have offices in Arizona, however, so lawyers from its California offices worked on the matter. *See* Young Decl. at ¶ 7.

Moreover, the rates charged by Plaintiffs' local and out-of-state counsel are reasonable.  The requested billing rates of the Covington attorneys who worked on this case are consistent with the billing rates of other attorneys of similar experience in comparable large, multi-office national law firms.  *See* Young Decl. at ¶ 23; *see also* Declaration of Richard M. Pearl ("Pearl Declaration").

The hourly rates requested by ACLU-AZ attorney Dan Pochoda and paralegal Gloria Torres are reasonable in light of their experience and comparable market rates for Phoenix, Arizona.  Mr. Pochoda was recently awarded the $525 per hour rate requested in the instant application in a case before Judge Susan R. Bolton, of the Arizona District Court, based on his expertise and the 2013 Arizona Bar Survey.  *See* Pochoda Decl. at ¶¶ 7-8, 11-19 & Exs. B, C.

The hourly rates requested for attorneys at the ACLU-IRP are reasonable in light of the market conditions in San Francisco, California and New York City for attorneys who litigate cases with comparable skill, expertise, and reputation.  The rates sought for Ms. Wang's and Mr. Segura's work are reasonable and within the range of market rates of federal court litigators with similar experience.  *See* Wang Decl. at ¶ 36.  Outside practitioners independently confirm that the requested

ACLU-IRP rates are reasonable.  *See* Pearl Decl.; Declaration of Elizabeth S. Saylor.

Similarly, the hourly rates requested by Ms. Lai and MALDEF are reasonable in light of the market conditions in Southern California for attorneys of comparable skill and experience.  *See* Lai Decl. at ¶ 10; Castillo Decl. at ¶ 12-13.

### C. The Factors Bearing on Reasonableness Favor Plaintiffs' Full Recovery of Their Requested Award

Full recovery of Plaintiffs' requested award is warranted given the complexity and significant effort expended in the case.  Relevant factors bearing on the reasonableness of the award include:

> (1) [T]he time and labor required, (2) the novelty and difficulty of the question involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitation imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See Gonzalez*, 729 F.3d at 1209 n.11 (quoting *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).  As set forth below, several of these factors militate in favor of recovery of the full amount of requested fees:

- *The time and labor required.* By any measure, this appeal required substantial amounts of time and labor. Addressing the fact-bound issues on appeal required a thorough review of the lower-court record that represented nearly six years of complex litigation. Preparation of Plaintiffs' appellate brief required a substantial amount of time spent researching, drafting, reviewing and editing. Plaintiffs also undertook the extensive preparation necessary for presenting a successful oral argument before this Court. Plaintiffs also prepared a Response to Defendants' Petition for Rehearing.

- *The novelty and difficulty of the question involved.* This appeal raised difficult and novel legal and factual questions, including the distinction between standing and class certification, the scope of permissible injunctive relief in the context of a civil rights class action, and the evolving Arizona case law on the non-jural entity issue. *See York v. Alabama State Bd. of Educ.*, 631 F. Supp. 78, 83-84 (M.D. Al. 1986) (finding civil rights cases difficult, for purposes of the attorneys' fee calculation, because it required "a sophisticated understanding and presentation of complex principles of law and a substantial amount of evidence").

- *The preclusion of other employment by the attorney due to acceptance of the case.* ACLU-AZ, ACLU-IRP and MALDEF co-counsel are all salaried

employees of tax-exempt nonprofit organizations. *See* Pochoda Decl. at ¶ 3; Wang Decl. at ¶¶ 4, 24; Castillo Decl. at ¶ 15. Their engagement in the instant case precluded their work on other important matters. *See* Wang Decl. at ¶ 26. The same is true for the Covington lawyers.

- *The amount involved and the results obtained.* Plaintiffs brought this case to protect the rights of Latinos in Maricopa County to be free from unlawful discrimination and unreasonable search and seizure during MCSO traffic stops. The vindication of such constitutional rights "cannot be valued solely in monetary terms." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Moreover, Plaintiffs obtained affirmance of essentially all relief that was sought, including declaratory judgments of constitutional violations by Defendants, and, preliminary and permanent injunctions against Defendants' policies and practices that led to the constitutional violations.

- *The experience, reputation and ability of the attorneys.* Plaintiffs' counsel are highly experienced in trial practice and both civil rights and general litigation. Counsel in this case from the ACLU-AZ, ACLU-IRP and MALDEF have extensive experience and expertise in civil rights litigation, police practices, and criminal and immigration law. *See* Pochoda Decl. at ¶¶ 14-19; Wang Decl. at ¶¶ 7-20; Lai Decl. at ¶¶ 6-7; Castillo Decl. at ¶¶ 7-8. Covington lawyers in

this case have managed and tried multiple complex, high-stakes cases. *See* Young Decl. at ¶¶ 8-10.

In sum, the relevant factors demonstrate that Plaintiffs' requested fee award is entirely reasonable.

### D. The Amount of Non-Taxable Expenses Sought by Plaintiffs' Counsel is Reasonable

Plaintiffs may also recover non-taxable costs because such expenses are part of the "reasonable attorney's fee" awarded in Section 1988 litigation.[5] *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). Such costs include Plaintiffs' out of pocket expenses which "would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (quotations omitted) (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)). Here, Plaintiffs have identified their out of pocket expenses and provided supporting documentation for them. *See* Young Decl. at ¶¶ 26-27. Plaintiffs request reimbursement for these expenses.

---

[5] Plaintiffs do not seek their taxable costs on appeal, in accordance with this Court's order that each party bear its own costs. *See Ortega Melendres*, 784 F.3d at 1267. *See also* Fed. R. App. P. 39(a)(4) ("if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.").

# CONCLUSION

Plaintiffs respectfully request an award of $546,108.84 pursuant to 42 U.S.C. §1988, allocated as stated above.

Dated: July 10, 2015

By /s/ *Stanley Young*
Stanley Young
syoung@cov.com
Hyun S. Byun
hbyun@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran
talbarran@cov.com
Rebecca A. Jacobs
rjacobs@cov.com
COVINGTON & BURLING LLP
1 Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson
pdodson@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Dan Pochoda
dpochoda@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*(counsel continued on next page)*

Anne Lai
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Cecillia D. Wang
cwang@aclu.org
ACLU FOUNDATION
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Andre Segura
asegura@aclu.org
ACLU FOUNDATION
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge Martin Castillo
jcastillo@maldef.org
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

*Attorneys for Plaintiffs-Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: July 10, 2015
*/s/ Stanley Young*
STANLEY YOUNG